IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT A. MITCHELL,

                                          OPINION AND ORDER

             Plaintiff,

                                             13-cv-500-bbc

    v.

UNITED STATES DEPARTMENT OF
AGRICULTURE FARM SERVICE AGENCY,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action, plaintiff Robert A. Mitchell alleges that defendant United States Department of Agriculture Farm Service Agency improperly disclosed facts about the sale and tenancy of his farm to his former tenant, who then sued plaintiff for breaching their lease.  Plaintiff brings claims under the Federal Tort Claims Act,28 U.S.C. § §2671-2680; the Privacy Act of 1974, 5 U.S.C. § 552a(b); and the Food Conservation and Energy Act, 7 U.S.C. § 8791(b)(2)(A).  Defendant has moved to dismiss the complaint on the grounds that (1) plaintiff cannot state a claim under Wisconsin law that would make defendant liable under the Federal Tort Claims Act; (2) plaintiff cannot state a claim under the Privacy Act because the information disclosed was not a "record" or from a "system of records" as required under the Act; and (3) the federal government has not waived sovereign immunity or provided a private right of action under the Food Conservation and Energy Act.

       Defendant filed a motion for the court to take judicial notice of the warranty deed

1

on the sale of plaintiff's land, dkt. #9, which will be granted.  Fed. R. Evid. 201(b) (courts may take judicial notice of documents in public record).  After reviewing the warranty deed, the complaint and the "Kaiser Affidavit," dkt. #1, exh. #3 (incorporated by reference in the complaint), I conclude that plaintiff has stated claims under the Federal Tort Claims Act and the Privacy Act.  Because plaintiff has not shown that the government waived its sovereign immunity under the Food Conservation and Energy Act, that claim will be dismissed.

From the complaint, affidavit and public record, I find the following facts for the purposes of this order.


BACKGROUND

Plaintiff leased 110 acres of tillable Wisconsin farmland to Sam Kaiser for the growing seasons of 2010, 2011 and 2012.  The acreage was enrolled in an agricultural subsidy program of the United States Department of Agriculture Farm Service Agency.  The lease provided that in the event that plaintiff sold the land, the lease would be voidable.  In March 2011, plaintiff contacted Kaiser to inform him that he had sold the property and that it was no longer available for lease.  In May 2011, a Farm Service Agency representative contacted Kaiser to inquire about who was leasing the acreage so it could send subsidy checks to the appropriate person.  The Farm Service Agency representative told Kaiser that only 40 acres of plaintiff's land had been sold and that plaintiff had leased the remaining 70 acres to an unknown third person.  The warranty deed showing the sale became publicly available at 4:10 p.m. on May 23, 2011.  Neither party knows whether the conversation

between Kaiser and the Farm Service Agency representative took place before or after 4:10 p.m. on May 23, 2011.

On or about May 24, 2011, plaintiff admitted to Kaiser that he had not sold the entire parcel and that another tenant had leased the remaining acreage. Kaiser then initiated litigation against plaintiff for breaching the lease. Plaintiff won the case, but he incurred legal costs in defending against Kaiser's suit and he says he would not have had to incur those costs had it not been for the Farm Service Agency representative's disclosure.

OPINION

A. Federal Tort Claims Act

The Federal Tort Claims Act imposes liability on the Unites States government in situations in which a private person "would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Augustis v. United States, 732 F.3d 749, 752 (7th Cir. 2013) (quoting 28 U.S.C. § 1346(b)(1)). In Wisconsin, where all relevant acts in this case occurred, "[i]t is not an invasion of privacy [for a private person] to communicate any information available to the public as a matter of public record." Wis. Stat. § 995.50(2)(c).

Defendant says that plaintiff has failed to state a claim because the only relevant information that the Farm Service Agency representative disclosed was from the public record of the warranty deed. Plaintiff argues that the representative may have revealed the information before the warranty deed became public and that further discovery is required

to determine that question. This is a slim reed on which to hang a lawsuit, as defendant notes. It argues that even if there is such a *possibility*, plaintiff has still failed to state a claim because he has not shown that he has a *plausible* claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.") (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Considering the temporal proximity of the filing of the warranty deed and the contact between Kaiser and plaintiff, the question whether the contact between Kaiser and the Farm Service Agency occurred before the filing of the deed is a close one, so the potential for liability is plausible, not a mere outside chance. Moreover, the warranty deed would have contained only information about the transfer of ownership, not information about plaintiff's lease to a third party. Therefore, by discussing the lease of the land to a third party, the Farm Service Agency disclosed some information that may have violated Wisconsin's privacy statute. Defendant says that even if that is true, the basis for Kaiser's lawsuit was the sale of only part of the land, not the lease to the third party, so the damages in the present case would be limited to the scope of that suit. However, because re-leasing land to which another tenant is entitled also may be considered a breach of the lease, both pieces of information may have contributed to Kaiser's lawsuit and plaintiff's alleged damages. (None of this is not to say that plaintiff has a strong chance of showing that

defendant is liable for the costs to plaintiff for defending against Kaiser's lawsuit, particularly when plaintiff will have to prove that Kaiser would not have sued him but for defendant's disclosure.)

However, I conclude that plaintiff has stated a barely plausible claim under the Federal Tort Claims Act and fulfilled the pleading requirements under Fed. R. Civ. P. 8. The questions of when the communication between defendant and Kaiser occurred and the precise scope of Kaiser's claim against plaintiff cannot be resolved at this stage and must await discovery between the parties. Twombly, 550 U.S. at 556 ("Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [of the claim].").

## B.  Privacy Act

Plaintiff contends that the Farm Service Agency's disclosure of his farm information also violated the Privacy Act, 5 U.S.C. § 552a. Defendant argues that disclosure does not fit the requirements of the Privacy Act, which prohibits government agencies from disclosing "any record which is contained in a system of records by any means of communication to any person, or to another agency." 5 U.S.C. § 522a(b). Defendant says that the information disclosed was not contained in a "record," defined under the Privacy Act as

> any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other

>identifying particular assigned to the individual, such as a finger or voice print or a photograph.

Id. at § 522a(a)(4). Defendant also contends that the Farm Service Agency did not maintain this information in a "system of records," which the Act defines as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." Id. at § 522a(a)(6).

Plaintiff argues that the warranty deed and the information on the leasing of the farm were part of a "record" the Farm Service Agency kept on the ownership and tenancy of the farm for the purpose of disbursing subsidy payments. He argues that a collection of such information would be a "system of records." This argument is plausible, which is all that is required at this stage of the case. Twombly, 550 U.S. at 556. The question whether plaintiff's allegations are actually true requires the court to determine factual issues such as the precise nature and source of the information disclosed as well as whether defendant's method of record-keeping included individual identifiers. As with defendant's argument on the Federal Tort Claims Act, these questions must wait until after the parties have had an opportunity to conduct discovery. Id.

### C. Food Conservation and Energy Act

The Food Conservation and Energy Act, or the "2008 Farm Bill," is a comprehensive piece of legislation that provides for programs ranging from farm subsidies to the Food Stamp program. Mary Beth Blauser, The 2008 Farm Bill: Friend or Foe to Conservationists

6

and What Improvements Are Needed?, 12 Vt. J. Envtl. L. 547, 553 (2011).  The Act also contains a provision prohibiting the United States Department of Agriculture and its agencies (including the Farm Service Agency) from disclosing "information provided by an agricultural producer or owner of agricultural land concerning the agricultural operation, farming or conservation practices, or the land itself, in order to participate in programs of the Department."  7 U.S.C. § 8791(b)(2)(A).  The statute would appear to prohibit the disclosure of information about the sale or lease of land enrolled in a subsidy program, such as the land owned by plaintiff.  However, defendant argues that the statute cannot be a basis for liability because the government has not waived sovereign immunity in this context and the statute does not provide for a private cause of action.

The United States and its governmental agencies are immune from suit unless it consents to be sued.  United States v. Mitchell, 445 U.S. 535, 538 (1980).  "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'"  Id. (quoting United States v. King, 395 U.S. 1, 4 (1969)).  In this case, plaintiff does not cite any authority showing that the United States has consented suit under this section of the statute.

Instead, plaintiff relies on Cort v. Ash, 422 U.S. 66, 78 (1975), and says that the statute *implies* a private right of action.  In Allison v. Liberty Savings, 695 F.2d 1086 (7th Cir. 1982), the Court of Appeals for the Seventh Circuit summarized the four factors identified in Cort:

> (1) whether the plaintiff is a member of a class for whose especial benefit the statute was enacted; (2) whether there is any explicit or implicit indication of congressional intent to create or deny a private remedy; (3) whether a private remedy would be consistent with the underlying purposes of the legislative

scheme; and (4) whether the cause of action is one traditionally relegated to state law.

Id. at 1088. Plaintiff says the Food Conservation and Energy Act creates a private right of action because (1) farmers and landowners such as plaintiff are the intended beneficiaries of the Food Conservation and Energy Act; (2) protecting against disclosure of farmers' information is consistent with the statute's purpose of promoting agriculture; and (3) state law provides no specific protection against the United States Department of Agriculture's handling of farmers' information.

Although the explicit creation of a private right of action may waive sovereign immunity in some instances, that is not the case here. By plaintiff's own admission, the Food Conservation and Energy Act does not *explicitly* create a private right of action. Because express waiver is necessary to avoid the United States' immunity defense, Mitchell, 445 U.S. at 538, it is irrelevant whether any private right of action has been created by implication. Accordingly, this claim will be dismissed.


ORDER

IT IS ORDERED that

1. Defendant United States Department of Agriculture Farm Service Agency's motion to take judicial notice of the public record, dkt. #9, is GRANTED.

2. Defendant's motion to dismiss, dkt. #6, is DENIED as to plaintiff Robert A. Mitchell's claims under the Federal Tort Claims Act and the Privacy Act.

3. Defendant's motion is GRANTED as to plaintiff's claim under the Food

Conservation and Energy Act, and this claim is DISMISSED.

Entered this 4th day of April, 2014.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge