IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT A. MITCHELL,

                Plaintiff,

      v.

UNITED STATES DEPARTMENT OF
AGRICULTURE FARM SERVICE AGENCY,

                Defendant.

OPINION AND ORDER

13-cv-500-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action, plaintiff Robert A. Mitchell alleges that defendant United States Department of Agriculture Farm Service Agency improperly disclosed facts about the sale and tenancy of his farm to his former tenant, Samuel Kaiser, who then sued plaintiff for breaching their lease.  Plaintiff brought claims under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80; the Privacy Act of 1974, 5 U.S.C. § 552a; and the Food Conservation and Energy Act, 7 U.S.C. § 8791(b)(2)(A).  On defendant's motion to dismiss the case, plaintiff's Food Conservation and Energy Act claim was dismissed; defendant's motion was denied as to the other claims.  Dkt. #14.

       Now, defendant has moved for summary judgment on the Federal Tort Claims Act and the Privacy Act claims.  Dkt. #23.  Because the undisputed facts show that most of the disclosed information was available as part of the public record at the time of disclosure, I conclude that plaintiff did not have a privacy interest in that information.  The remaining

1

information was irrelevant to the tenant's lawsuit and was not a basis for plaintiff's damages. Accordingly, I conclude that defendant is entitled to summary judgment on plaintiff's remaining claims.

From the parties' proposed findings of fact and the record, I find that the following facts are undisputed. (I note that plaintiff did not follow this court's summary judgment procedures and failed to respond to defendant's proposed findings of fact. However, in this case, this failure is immaterial because even if I accept plaintiff's version of events as true, his claims fail as a matter of law.)


UNDISPUTED FACTS

Plaintiff Robert A. Mitchell entered into a three year lease with Samuel Kaiser for the 2010 to 2012 growing seasons. The lease covered 110 acres of crop land known as Farm #4891 and provided that it would "end with sale of property." Lease Agmt., dkt. #19, exh. 3.

The United States Department of Agriculture Farm Service Agency oversees federal subsidies programs for agricultural producers. As the lessee and operator of Farm #4891, Samuel Kaiser applied for and received a subsidy for the 2011 crop year. In March 2011, plaintiff "informed Kaiser that the property was sold and the lease was null and void." Plt.'s PFOF, dkt. #31, ¶ 8. (The parties do not specify a date but agree that Kaiser received the subsidy before plaintiff terminated the lease in March 2011.)

On May 23, 2011, plaintiff and his wife sold 40 acres of Farm #4891 to Michael

Foley.  Plaintiff also leased the remaining 70 acres of Farm #4891 to Foley for the 2011 crop year.  (The parties dispute the precise structure of plaintiff's and Foley's agreement, but it appears that Foley intended to buy parcels of Farm #4891 in stages.)  Foley brought the executed deed for the sold portion of the property to the Grant County Register of Deeds, where it was recorded at 4:10 pm on May 23, 2011.  The warranty deed documented plaintiff's sale of part of the land constituting Farm #4891 to Foley.  It also contained an addendum delineating the outer boundary of the 40 acres of property.

After leaving the Grant County Register of Deeds on May 23, 2011, Foley traveled to the Farm Service Agency office in Grant County to register as the operator of Farm #4891 in order to receive a subsidy for the 2011 crop year.  As part of the application for the subsidy, Foley submitted an unrecorded copy of the warranty deed and a copy of his lease agreement with plaintiff.

On May 24, 2011, program technician Brenda Kluesner called former lessee Kaiser because there were now two applications for subsidies on Farm #4891 for the 2011 crop year.  (The parties dispute the contents of this phone call.  According to plaintiff, Kluesner told Kaiser that plaintiff had sold 40 acres of Farm #4891 to a third party and leased the remaining 70 acres of Farm #4891 to that person.  According to defendant, Kluesner told Kaiser that part of Farm #4891 had been sold to a third party.)  Kaiser confirmed to Kluesner that he was no longer leasing Farm #4891 and thus was no longer entitled to a subsidy for the property.

In a telephone call from Kaiser on the evening of May 24, 2011, plaintiff admitted

3

that he had sold all of Farm #4891 and that he had leased the remaining part of the property to someone other than Kaiser.  Ultimately, Kaiser sued plaintiff, contending that his lease could be voided only upon sale of the entirety of Farm #4891 and that he should be permitted to continue leasing the remaining unsold parcel.  Kaiser lost that lawsuit and plaintiff now seeks his legal costs as damages.


OPINION

Plaintiff contends that Kluesner's disclosures caused Kaiser to sue and resulted in the legal fees that plaintiff incurred defending that suit.  Plaintiff says that because Kluesner was acting as an agent of defendant, he is entitled to relief under two federal laws:  the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, and the Privacy Act of 1974, 5 U.S.C. § 552a(b).

The Federal Tort Claims Act imposes liability on the federal government in "'circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"  Augustis v. United States, 732 F.3d 749, 752 (7th Cir. 2013) (quoting Morisch v. United States, 653 F.3d 522, 530 (7th Cir. 2011)); 28 U.S.C. § 2674 ("The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . .").  In this case, all of the alleged acts occurred in Wisconsin, and plaintiff argues that defendant violated Wis. Stat. § 995.50.  If plaintiff is correct, defendant may be liable to plaintiff under the Act.

Section 995.50 of the Wisconsin statutes codifies the existence of a right to privacy

4

under Wisconsin law and entitles those whose privacy is "unreasonably invaded" to "[e]quitable relief . . . [,] [c]ompensatory damages based either on plaintiff's loss or defendant's unjust enrichment; and [a] reasonable amount of attorney's fees." The statute identifies four ways in which one's privacy may be invaded.  Plaintiff does not specify which way he believes defendant invaded his privacy, and defendant cited only two sections in its briefs, without objection from plaintiff.  These sections define "invasion of privacy" as:

> (a) Intrusion upon the privacy of another of a nature highly offensive to a reasonable person, in a place that a reasonable person would consider private or in a manner which is actionable for trespass.
>
>  . . .
>
> (c) Publicity given to a matter concerning the private life of another, of a kind highly offensive to a reasonable person, if the defendant has acted either unreasonably or recklessly as to whether there was a legitimate public interest in the matter involved, or with actual knowledge that none existed.  It is not an invasion of privacy to communicate any information available to the public as a matter of public record.
>
>  . . .

§§ 995.50(2)(a) and (c).

However, § 995.50(2)(a) applies only to cases in which there is some intrusion to a geographical place or a private nonphysical area.  Keller v. Patterson, 2012 WI App 78, ¶ 10, 343 Wis. 2d 569, 578, 819 N.W.2d 841, 845 ("The Kellers argue that the hang-up calls, letters, and cars honking their horns in front of their house amounted to an invasion of their home.  We disagree.  There was no physical intrusion of the Kellers' home by Patterson or even at Patterson's direction."); Hillman v. Columbia County, 164 Wis. 2d 376, 392, 474 N.W.2d 913, 919 (Ct. App. 1991) (in suit against jail guards for allegedly disseminating

5

personal medical information about plaintiff, court held that plain meaning of 'a place,' as used in § 995.50(2)(a) is geographical and did not include a file containing medical records); cf., Fischer v. Mt. Olive Lutheran Church, 207 F. Supp. 2d 914, 928 (W.D. Wis. 2002) (considering Hillman and disagreeing with state court's conclusion that the word"place" in § 995.50(2)(a) must refer to a geographical place; concluding that "the language [of the statute] does not limit the intrusion to a person's immediate physical environment but rather encompasses a person's private belongings as long as the place these private belongings are *intruded upon* is one that a reasonable person would consider private," such as email account) (emphasis added)).  Merely disclosing information that was not obtained by an intrusion does not come under this section of the statute.  Doe v. Saftig, No. 09-C-1176, 2011 WL 1792967, at *14 (E.D. Wis. May 11, 2011) ("The plaintiff's assertion that Saftig disclosed private information obtained through her credit report and through a conversation with Saftig does not involve an intrusion into a private 'place.'  Because the plaintiff has not asserted a privacy interest in a private 'place' or private 'belongings,' I will grant the defendants' motion for summary judgment with regard to the plaintiff's claim that the defendants violated Wis. Stat. § 995.50(2)(a).").

In this case, plaintiff has not alleged that defendant gained access to the information by trespassing or intruding.  Rather, its agent (Kluesner) acquired it from the purchaser of the property (Foley), when Foley gave Kluesner a copy of the deed and  Therefore, I conclude that only subsection (c)(2) of § 995.50 is applicable to this case.

Plaintiff also asserts a federal claim under the Privacy Act of 1974, 5 U.S.C. § 552a.

6

Again, plaintiff does not specify which subsection of the statute applies to his allegations. Defendant cites 5 U.S.C. § 552a(g)(1)(D), which provides that "[w]henever any agency . . . fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action . . . ."  This is the only section that appears relevant, and plaintiff does not object, so I will confine the discussion to that subsection.  Defendant then points to § 552a(b), which provides that "[n]o agency shall disclose any record which is contained in a system of records . . . to any person . . . ."  To state a claim for civil damages for violation of the Privacy Act, a plaintiff "must establish that (1) the agency violated a provision of the Act, (2) the violation was intentional and willful, and (3) the violation had an adverse effect on the plaintiff."  Maydak v. United States, 630 F.3d 166, 178 (D.C. Cir. 2010).

As relevant to this opinion, defendant's agent, Kluesner, disclosed information under two categories:  (1) information contained in the deed on the sale of Farm #4891 and (2) information outside that instrument.  I will consider defendant's liability with respect to each category in turn.

## A.  Disclosure of Information in Recorded Deed

It is undisputed that plaintiff's warranty deed was recorded before Kluesner called Kaiser (the former lessee), that the deed contained information about the sale of *part* of Farm #4891 and that the deed's addendum contained the boundaries of the land that was sold. The buyer, Foley, recorded his deed at the county records office and the deed was recorded

Case: 3:13-cv-00500-bbc   Document #: 33   Filed: 12/17/14   Page 8 of 14

at 4:10 pm on May 23, 2011; after that, he dropped off an unrecorded copy of the deed at defendant's office as part of his subsidy application. Kluesner called Kaiser about his subsidy the next day, on May 24, 2011.

Plaintiff contends that because the copy of the deed that Foley gave Kluesner was unrecorded, the information she revealed about it was not part of the public record. However, plaintiff admits that the deed was recorded before the phone call and that the recorded deed and attachments disclosed the transaction and parcel acreage information. Plaintiff has not explained how the information that Kluesner disclosed to Kaiser could be considered private simply because the copy she was consulting was not the copy that had been recorded and made part of the public record.

I conclude that the information Kluesner gave Kaiser on May 24, 2011 from her copy of plaintiff's recorded warranty deed and attachments was a matter of public record. Wis. Stat. § 59.43(1)(a) (requiring the county register of deeds to "[r]ecord . . . in suitable books to be kept in his or her office, correctly and legibly all deeds . . . . "). See also Wis. Stat. § 706.05(1) ("[E]very conveyance, and every other instrument which affects title to land in this state, shall be entitled to record in the office of the register of deeds of each county in which land affected thereby may lie . . . . "); Wis. Stat. § 706.05(2)(c) (requiring real estate instruments to "[i]dentify, to the extent that the nature of the instrument permits, and in form and terms which permit ready entry upon the various books and indexes publicly maintained as land records of such county, the land to which such instrument relates and the parties or other persons whose interests in such land are affected. Except as provided in

sub. (2m), identification may be either by the terms of the instrument or by reference to an instrument of record in the same office, naming the place where such record may be found.").   Indeed, the records of real estate transactions are intended to be publicly searchable, in order to inform the public of the owners of the properties and their interests in those properties.   Wis. Stat. § 59.43(1)(I) (requiring register of deeds to "[m]ake and deliver to any person, on demand and upon payment of the required fees, a certified copy . . . of any record, paper, file, map or plat in the register's office").

Therefore, the question is whether the protections under Wisconsin's privacy statute, Wis. Stat. § 995.50(2)(c) or the Federal Privacy Act, 5 U.S.C. § 522a, of 1974, apply to publicly recorded information such as the information contained in the warranty deed and attachments at issue in this case.   Plaintiff has not shown that they do.

I start with the state protections.   Under Wis. Stat. § 995.50(2)(c), "[i]t is not an invasion of privacy to communicate any information available to the public as a matter of public record."   Newspapers, Inc. v. Breier, 89 Wis. 2d 417, 432, 279 N.W.2d 179, 186 (1979) ("the legislature has determined that individuals have no right of privacy in materials contained in public records that are open to the public generally").   See also Dumas v. Koebel, 2013 WI App 152, ¶ 24, 352 Wis. 2d 13, 27, 841 N.W.2d 319, 326 ("Because the information published in Koebel's report—including Dumas' name and arrest history—was a matter of public record, we must affirm the grant of summary judgment on Dumas' invasion of privacy claim."); Keller v. Patterson, 2012 WI App 78, ¶ 12, 343 Wis. 2d 569, 579, 819 N.W.2d 841, 846 ("In order to fall under this subsection, the statements must

make information public that was not heretofore available to the public.  In this case, as we already noted, all of the information that was given was available to the public in one form or another before Patterson distributed the fliers, so it simply cannot be classified as private."); Ladd v. Uecker, 2010 WI App 28, ¶ 20, 323 Wis. 2d 798, 810, 780 N.W.2d 216, 222 ("Further, [the disclosures at issue] are matters of public record.  [Plaintiff] did not plead facts that satisfy an invasion of privacy claim."); Hutchins v. Clarke, 661 F.3d 947, 952 (7th Cir. 2011) (§ 995.50(2)(c) did not give rise to claim "because the information communicated is available to the public as a matter of public record").

I turn next to the protections in the federal law.  Although the Court of Appeals for the Seventh Circuit has not weighed in on this question with respect to the federal privacy act, 5 U.S.C. § 552a, other courts have adopted the view that the statute does not provide a cause of action for the disclosure of information that has been made available previously to the interested party or to the public generally.  Hollis v. United States Dept. of Army, 856 F.2d 1541, 1545 (D.C. Cir. 1988) ("[C]ourts have echoed the sentiment that when a release consists merely of information to which the general public already has access, or which the recipient of the release already knows, the Privacy Act is not violated."); Federal Deposit Insurance Corp. v. Dye, 642 F.2d 833, 836 (5th Cir. 1981) ("A dissemination of information to a person or persons who were previously aware of the information is not a disclosure under the Privacy Act.  Moreover, the release of public information to the same 'public' is not a disclosure.") (citation omitted); Ash v. United States, 608 F.2d 178, 179 (5th Cir. 1979) ("We agree with the district court that the 'disclosure' to personnel of a

10

command of the results of proceedings that were open to them and in that sense public is not such a disclosure as the Act forbids.") (citing Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 495 (1975)); King v. Califano, 471 F. Supp. 180, 181 (D.D.C. 1979) ("[A]lthough the Privacy Act does not define disclosure, the term denotes the imparting of information . . . which was previously unknown to the person to whom it is imparted.  Since the record establishes that the information at issue here was publicly known prior to the publication of the June 25, 1976, article, there has been no wrongful disclosure in violation of the Privacy Act.") (citation omitted); cf. Schmidt v. United States Dept. of Veterans Affairs, 218 F.R.D. 619, 630 (E.D. Wis. 2003) (defining the term "disclose" as "placing into the view of another information which was previously unknown").

Moreover, courts have concluded more generally that plaintiffs have no privacy interests in information that is known or available to the public.  Cox Broadcasting Corp., 420 U.S. at 495. ("[T]he First and Fourteenth Amendments command nothing less than that the States may not impose sanctions on the publication of truthful information contained in official court records open to public inspection."); Johnson v. United States Dept. of Justice, No. 06-cv-1248-bbc, 2007 WL 3408458, at *1 (E.D. Wis. Nov. 14, 2007) ("Because it is already a matter of public record that the government was calling Sharkey as a witness, I cannot conclude that it would be an invasion of Sharkey's privacy to confirm that he did or did not provide the government with a statement."); Taylor v. Miller, 853 F. Supp. 305, 307 (W.D. Wis. 1994) (holding that constitutional right to privacy does not extend to matters of public record).  See also Restatement (Second) of Torts § 652D cmt.

11

b (1977) ("[T]here is no liability for giving publicity to facts . . . that are matters of public record."). These arguments are particularly persuasive with respect to real estate transaction records, which are publicly searchable and intended to inform the public of the interests held in real property. Therefore, I conclude that plaintiff cannot maintain a claim under 5 U.S.C. § 552a for the disclosure of information that was already a part of the deed and its attachments.

## B.  Disclosure of Information Not in Recorded Deed

The only remaining issue concerns Kluesner's alleged disclosure to the former lessee that the unsold portion of the farm was leased to the buyer. It is true that this information was not part of the warranty deed or public record, but defendant argues that there is no evidence that plaintiff suffered any damages as a result of that disclosure, as required under both statutes. Wis. Stat. § 995.50(1)(b) (plaintiff entitled to "[c]ompensatory damages based either on plaintiff's loss or defendant's unjust enrichment" for violations of act); Doe v. Chao, 540 U.S. 614, 620 (2004) (federal privacy act applies "only to victims who prove some actual damages" from disclosure); Maydak, 630 F.3d at 178 (plaintiff must show "adverse effect" to state claim under 5 U.S.C. § 552a). Indeed, this information was irrelevant to Kaiser's lawsuit against plaintiff, which is the only basis for damages that plaintiff alleges.

In plaintiff's own words, "Kaiser filed a lawsuit against plaintiff for breach of contract on their lease agreement" because "Kaiser believed he was entitled to a continued lease on

the remaining portion of the farm that was subject to an offer to purchase between plaintiff and Foley but not yet closed upon." Plt.'s PFOF, dkt. #32, at ¶ 28-29. In other words, it is undisputed that Kaiser believed that his agreement with defendant entitled him to continue to lease the unsold portion of the land, regardless whether another part of the land was sold. (Neither party has proposed as fact that Kluesner disclosed Foley's offer on the unsold portion of the land, so that cannot serve as a basis for liability.) Once Kaiser knew that plaintiff had not sold all of Farm #4891, Kaiser believed he had the right to lease the remaining portion of the property. The latter information did not change Kaiser's or plaintiff's legal position with respect to Kaiser's lawsuit. Perhaps plaintiff would not have been inclined to break the lease with Kaiser had he not intended to lease the other parcel to the buyer, but this was not a basis for Kaiser's breach of contract suit. The land became available for leasing to someone else only because plaintiff had sold the land and ended the lease with Kaiser. Kaiser believed it was a breach of their agreement for plaintiff to end the lease when only part of the land was sold; leasing the unsold land may have added insult to injury, but it was only incidental to the underlying alleged breach.

Because it did not matter to Kaiser's lawsuit whether plaintiff leased or held onto the remaining portion of the property that he did not sell to Foley, the disclosure of that information could not have been the basis of Kaiser's suit or the cause of defendant's damages, all of which stemmed from the lawsuit. Therefore, I conclude that no reasonable juror could find that the lease disclosure was relevant to Kaiser's decision to sue plaintiff.

Summary judgment will be entered in favor of defendant.

ORDER

IT IS ORDERED that defendant United States Department of Agriculture Farm Service Agency's motion for summary judgment, dkt. #23, is GRANTED.  The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 17th day of December, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

14